UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MEELAD DEZFOOLI,<br><br>               Petitioner,<br><br>v.<br><br>JUDGE CRISTINA D. SILVA, *et al.*,<br><br>               Respondents. | Case No. 2:24-cv-02002-GMN-NJK<br><br>**DISMISSAL ORDER** |

Petitioner Meelad Dezfooli, a detainee in federal custody who is awaiting sentencing, submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1-1. Dezfooli has not properly commenced this action by either paying the filing fee or filing an Application to Proceed In Forma Pauperis ("IFP"). Further, following review of the Petition, this Court finds that Dezfooli's claims cannot be addressed under 28 U.S.C. § 2241. For these reasons, this Court dismisses the Petition without prejudice.

I.   **BACKGROUND**

In June 2022, Dezfooli was charged in federal court with bank fraud and money laundering in connection with loans obtained under the Covid-era Paycheck Protection Program in case number 2:22-cr-00142-CDS-DJA.[1] On November 16, 2023, in his criminal case, the Court granted the Government's Motion to Revoke Pretrial Release and Detain Defendant Pending Trial. Later, on May 6, 2024, the Court denied Dezfooli's Motion for Release from Detention. Dezfooli's trial commenced on August 27, 2024, and concluded with Dezfooli found guilty on September 5, 2024. Dezfooli's sentencing is pending.

In his Petition in this case, Dezfooli asks the Court to release him from custody immediately, apparently to allow him to retain new counsel and better prepare for his sentencing.

---

[1] This Court takes judicial notice of the proceedings in Case Number 2:22-cr-00142-CDS-DJA in this Court, the criminal case in which Dezfooli is awaiting sentencing.
.

1

1  ECF No.1-1. Dezfooli argues that, in custody, he has insufficient access to a law library and legal
2  materials, and he is unable to retain "proper" counsel. *Id.*[2]

3  **II.    DISCUSSION**

4  Regarding the alleged inadequacy of Dezfooli's access to a law library and legal
5  materials in the institution where he is in custody, Dezfooli fails to state cognizable habeas
6  claims. Federal law provides two main avenues for relief on complaints related to incarceration:
7  a habeas corpus petition or a civil rights action. A prisoner's claim is cognizable under federal
8  habeas statutes only if it falls within the "core" of habeas corpus. *Nettles v. Grounds*, 830 F.3d
9  922, 930 (9th Cir. 2016). If success on a habeas claim would not necessarily lead to a petitioner's
10 immediate or earlier release from custody, the claim does not fall within "the core of habeas
11 corpus." *Id.* at 931. If a prisoner is not challenging the fact of his confinement, but instead the
12 conditions under which he is being held, he must seek relief in a civil rights action. "[A]n action
13 sounds in habeas 'no matter the relief sought (damages or equitable relief), no matter the target
14 of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of
15 confinement or its duration.'" *Pinson v Carvajal*, 69 F.4th 1059, 1071 (9th Cir 2023). Said
16 another way, "a successful claim sounding in habeas necessarily results in release, but a claim
17 seeking release does not necessarily sound in habeas." *Id.* at 1072–73.

18 Dezfooli's claims regarding his access to a law library and legal materials do not raise
19 any issues warranting his release from custody. Rather, if Dezfooli were to succeed on these
20 claims, it would mean only that his conditions of confinement would change. Accordingly,
21 because these claims do not fall within the "core of habeas corpus," they must be brought, if at
22 all, in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of*
23 *Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Helling v. McKinney*, 509 U.S. 25, 31

---

[2] This is Dezfooli's fourth attempt to initiate a habeas corpus action under 28 U.S.C. § 2241, in each case essentially contesting his pretrial detention. The Court takes judicial notice of the proceedings in Case Nos. 2:24-cv-01108-APG-EJY, 2:24-cv-01369-GMN-NJK, and 2:24-cv-01614-GMN-MDC, in this Court. Case No. 2:24-cv-01108-APG-EJY was dismissed without prejudice on July 1, 2024, and Dezfooli's appeal is pending. Case No. 2:24-cv-01369-GMN-NJK was dismissed without prejudice on August 30, 2024, and Dezfooli did not appeal. Case No. 2:24-cv-01614-GMN-MDC was dismissed without prejudice on September 10, 2024, and Dezfooli did not appeal.

(1993) (explaining that the "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment"); *Nasby v. Nevada*, 79 F.4th 1052, 1056–57 (9th Cir. 2023) (explaining the requirements of an access-to-courts claim under the First and Fourteenth Amendments).

This Court has discretion to recharacterize a habeas petition as a civil rights action "if it 'is amenable to conversion on its face.'" *See Pinson*, 69 F.4th at 1075. This Court declines to exercise that discretion here because Dezfooli does not seek the correct relief for a civil rights action. *Id*. at 1076 (finding that a petition is not amenable to conversion on its face because the petitioner "does not seek money damages as allowed by *Bivens* or equitable relief under either the PLRA or federal courts' general authority to issue equitable relief for violation of federal law"). Rather than seeking money damages or equitable relief, Dezfooli seeks immediate release from custody. Nonetheless, this Court kindly instructs the Clerk of the Court to send Dezfooli the approved form and instructions for filing a civil rights complaint, so he may decide whether to pursue a civil rights action by opening a new case, submitting an application to proceed *in forma pauperis*, and filing a civil rights complaint.

Second, regarding Dezfooli's claims regarding his inability to retain counsel, this Court lacks jurisdiction to direct an equivalent federal district court judge to take any action in an ongoing, separate criminal case assigned to that judge. Dezfooli's claims about retaining counsel are issues for the judges assigned to his criminal matter, 2:22-cr-00142-CDS-DJA.

In sum, Dezfooli's claims cannot be addressed in a petition for writ of habeas corpus under 28 U.S.C. § 2241, so this case must be dismissed without prejudice. This Order does not preclude Dezfooli from seeking relief under § 2241 in this Court in the future if he desires to challenge the manner, location, or conditions of carrying out his future sentence or putting his future sentence into effect.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied as jurists of reason would not find the dismissal of this action on these grounds to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed (1) to send Dezfooli the approved form and instructions for filing a 42 U.S.C. § 1983 complaint and an application to proceed *in forma pauperis*, (2) to enter final judgment dismissing this action without prejudice, and (3) to close this case.

DATED THIS __28__ day of ____October____, 2024.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE